IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:17-cv-209

| | |
|---|---|
| CHRISTOPHER HAYDEN ) | |
| D/B/A Cgraydesign ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| EAGLES NEST OUTFITTERS, ) | (Jury Trial Demanded) |
| Inc., PETER PINHOLSTER, in ) | |
| his individual capacity, and PAUL ) | |
| PINHOLSTER, in his individual ) | |
| capacity ) | |
| Defendants. ) | |
| ) | |

Now Comes Plaintiff, Christopher Hayden D/B/A Cgraydesign ("Mr. Hayden" or "Plaintiff"), by and through the undersigned counsel, and in support of this Complaint against Defendants Eagles Nest Outfitters, Inc., ("ENO"), Peter Pinholster, and Paul Pinholster (together with ENO and Peter Pinholster, the "Defendants"), does hereby allege and state the following:

## NATURE OF THE ACTION

1. This action arises from Defendants' unauthorized use of Plaintiff's graphic designs. Without permission and in violation of their contract, Defendants revised, updated, and re-purposed Plaintiff's graphic designs. Based on the unauthorized use, Plaintiff asserts claims for breach of contract, misappropriation of trade secrets, copyright infringement, unfair competition, unjust enrichment, and unfair and deceptive trade practices.

## PARTIES

2. Mr. Hayden is a citizen and resident of Buncombe County, North Carolina.

1

3. Upon information and belief, Defendant Paul Pinholster is a citizen and resident of Buncombe County, North Carolina

4. Upon information and belief, Defendant Peter Pinholster is a citizen and resident of Buncombe County, North Carolina

5. Upon information and belief, Defendant ENO is a corporation formed and existing under North Carolina Law with its principal place of business at 24 Buxton Avenue, Asheville, NC 28801.

6. Upon information and belief, Defendant ENO sells hammocks and other outdoor equipment in retail stores throughout the United States and through their website, https://eaglesnestoutfittersinc.com.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a), and 1367.

8. This Court has personal jurisdiction over Defendant ENO because it is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina.

9. This Court has personal jurisdiction over Defendant Paul Pinholster and Defendant Peter Pinholster because they reside in the State of North Carolina.

10. Venue for this action is proper under 28 U.S.C. § 1391(b)(1) and (2), and 28 U.S.C. § 1400(a), because the events giving rise to the claim occurred in this district and Defendants reside in this judicial district.

2

## FACTUAL BACKGROUND

11. Mr. Hayden is a talented graphic designer known for his ability to increase the value of a company by creating a distinguished brand identity that is translated to the consumer through the website, graphics, packaging, hangtags, print and digital media campaigns, marks, and logos of the company.

12. On or about October 2003, Mr. Hayden entered into an oral contract (the "Oral Contract") with the predecessor of ENO, who upon information and belief was Peter Pinholster and Paul Pinholster doing business as Eagles Nest Outfitters.

13. The Oral Contract was assigned to ENO on or about April 13, 2005 and remained unchanged.

14. As per the terms of the Oral Contract, Mr. Hayden charged an hourly rate for his services; Mr. Hayden provided only the final version of his designs; Mr. Hayden retained all of the source files that contained the technical specifications, mathematical formulas, font manipulations, color tones and other techniques that were his trade secrets and proprietary information.

15. On or around March 2004, Mr. Hayden created ENO as the brand identity for Eagles Nest Outfitters, which is still ENO's primary trademark. A true and accurate copy of the ENO logo is attached as Exhibit A.

16. Using the color and font of the ENO logo as precedent, Mr. Hayden rebranded all of Eagles Nest Outfitters' product packaging and merchandise by designing new hangtags, graphics, banners, logos, shirts, stickers, and hats.

17. As part of the rebranding, Mr. Hayden created the Hammock Guy Icon that was incorporated into Defendants' stationaries, business cards, hangtags, stickers, postcards, shirts, and trade show banners. A true and accurate copy of the Hammock Guy Icon is attached as Exhibit B.

18. Mr. Hayden's rebranding was a huge success and ENO started to grow exponentially.

19. Despite Mr. Hayden's significant contribution to the success of Defendants, on or around December 2007, Mr. Hayden stopped receiving projects from Defendants after Mr. Hayden refused Peter Pinholster's demands to turn over all of Mr. Hayden's source files that contained the trade secrets and proprietary information of his designs.

20. In response to Peter Pinholster's demands and in accordance with the terms of their Oral Contract, Mr. Hayden sent an email on or around November 28, 2007 explaining the source files contain proprietary information and trade secrets that were his protected property and the release of this information to others could cause economic hardship for Mr. Hayden.

21. In addition to the email, Mr. Hayden sent a memo to Peter Pinholster on or about November 30, 2007, a true and accurate copy is attached as Exhibit C, reiterating his policies regarding ownership of his artwork and designs and his requisite approval to alter or reproduce his designs.

22. After Mr. Hayden sent the email and memo, Peter Pinholster did not demand the source files again in recognition that they belonged to Mr. Hayden.

23. Mr. Hayden did not receive any work from Defendants in 2008, a trivial amount of work in 2009, and no work in 2010 and 2011.

24. During the above referenced time period, Defendants employed in-house graphic artists but they were unable to replicate the success of Mr. Hayden's designs.

25. Starting in late 2011, Paul Pinholster reached out to Mr. Hayden multiple times to request Mr. Hayden's services to breathe new life into the brand as he was an advocate for Mr. Hayden's designs and ability to create ENO's brand identity.

26. On or about February 2012, Mr. Hayden met with Peter Pinholster to discuss a new working relationship. During this meeting, Mr. Hayden received a verbal agreement that Defendants would honor Mr. Hayden's policies that he retained ownership of his designs and any modifications of the final designs sent to Defendants would require his written permission.

27. On or about August 26, 2013, Mr. Hayden and ENO entered into a written contract (the "Written Contract"), a true and accurate copy is attached as Exhibit D.

4

28. Per the terms of the Written Contract, Mr. Hayden worked on a per project basis and retained ownership of all copyrights, graphics, logos, and other assets and any revisions, updates, or re-purposing of the final designs required his written permission.

29. After the Written Contract was signed, Mr. Hayden started to update ENO's brand identity.

30. As part of the update, Mr. Hayden designed an enterprise level website for ENO that launched on or about October 19, 2014. The website contained Mr. Hayden's updated ENO colors, type fonts, and photography treatment that would be used as the new branding precedent for all of ENO's product packaging and merchandise.

31. From on or about February 2015 to November 2015, Mr. Hayden created new product packaging, hangtags, banners, editorials, logos, and merchandise incorporating his new brand precedent.

32. In accordance with the Written Contract, Mr. Hayden delivered his designs to ENO in a protected file in the final form for the use intended and retained ownership of the designs with the ability to control any alterations or repurposing of his final designs.

33. In spite of the Written Contract, Defendants circumvented Mr. Hayden's protected files using computer software and repeatedly manipulated, altered, and re-purposed Mr. Hayden's designs without his permission and with knowledge of Mr. Hayden's ownership rights in the designs.

34. By way of example, on or about April 20, 2015, Mr. Hayden delivered the hangtag art file for the Product Number DH-001, DoubleNest Hammock, (the "DH-001 Hangtag"). In the DH-001 Hangtag, the hammock on the hangtag is colored Navy and Olive. ENO offers 35 other color variations on the DoubleNest Hammock, each with its own hangtag that contains a unique bar code, color swatch, color description, and photograph of the hammock being sold. For each of the other 35 color variations of the DoubleNest Hammock, the Defendants altered Mr. Hayden's Hangtag to replace the barcode, color swatch, text, and photograph of the hammock without his permission and in violation of their written agreement.

A true and accurate copy depicting Mr. Hayden's DH-001 Hangtag with an infringing hangtag is attached as Exhibit E.

35. Defendants repeated their actions as depicted in the example above with most, if not all of the final products Mr. Hayden delivered to Defendants. A true and accurate copy of additional examples demonstrating Defendants' unauthorized use of Mr. Hayden's designs is attached as Exhibit F.

36. On or about November 2015, Mr. Hayden requested a meeting with Defendants to warn them they were violating the Written Contract and his ownership rights in his final products delivered to Defendants. Paul Pinholster and Peter Pinholster did not want to meet with Mr. Hayden so Mr. Nakaji, manager of ENO, met with Mr. Hayden. The following day, Paul Pinholster warned Mr. Hayden to "tread lightly or tread roughly" if Mr. Hayden were to assert his copyrights.

37. Despite Mr. Hayden's warning in November 2015, Defendants continued to willfully make unauthorized copies of Mr. Hayden's designs, which they knew they did not have the right or permission from Mr. Hayden to make, with conscious disregard of Mr. Hayden's rights.

38. Mr. Hayden was alerted to the ongoing manipulation of his designs on or about February 23, 2016, when Mr. Nakaji emailed Mr. Hayden to inform him ENO was updating his hangtag specs and requested the font he used for the features. Mr. Hayden responded to the email by reiterating his ownership and notifying Mr. Nakaji that ENO's manipulation of the final product would cause an economic loss for Mr. Hayden. A true and accurate copy of the email is attached as Exhibit G.

39. Despite Defendants' knowledge of Mr. Hayden's ownership in his designs, on or about March 2016, Defendants licensed Mr. Hayden's Hammock Guy Icon and the ENO logo to Catawba Brewing Company for use on the design of the beer can for ENO Pilsner, a true and accurate copy of the beer can is attached as Exhibit H. Mr. Hayden did not give permission to use the ENO logo or the Hammock Guy Icon to Defendants or Catawba Brewing Company.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

40. Paragraphs 1-39 of the complaint are incorporated by reference as though set forth in their entirety.

41. Mr. Hayden and Defendants entered into an Oral Contract as described above.

42. Mr. Hayden and Defendants entered into a Written Contract as described above.

43. Mr. Hayden performed his obligations under both the Written Contract and Oral Contract.

44. The Defendants breached the Oral Contract by failing to seek permission to use Mr. Hayden's Hammock Guy Icon and ENO logo on the ENO Pilsner beer can.

45. The Defendants breached the Written Contract by revising, manipulating and re-purposing Mr. Hayden's final designs and by failing to seek written permission to revise, update, or re-purpose Mr. Hayden's final designs.

46. As a result of such breach, Mr. Hayden has suffered damages, including actual contractual damages, costs, interest, attorney's fees and other damages.

## SECOND CLAIM FOR RELIEF
### Misappropriation of Trade Secrets

47. Paragraphs 1-46 of the complaint are incorporated by reference as though set forth in their entirety.

48. Mr. Hayden used proprietary techniques and trade secrets to create the final designs he sent in a protected file.

49. Defendants circumvented the protected file allowing them to alter and manipulate Mr. Hayden's technical specifications, mathematical formulas, font manipulations, and other techniques Mr. Hayden used to create the final work product.

50. The trade secrets and proprietary techniques were unlawfully manipulated by Defendants to re-purpose Mr. Hayden's designs without the consent of Mr. Hayden.

51. Defendants' willfully and maliciously misappropriated Mr. Hayden's trade secrets.

52. Mr. Hayden is entitled to damages based upon Defendants misappropriation of its trade secrets pursuant to 18 U.S.C. § 1836(b)(3) including, without limitation exemplary damages and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Unfair Competition

53. Paragraphs 1-52 of the complaint are incorporated by reference as though set forth in their entirety.

54. By revising, updating, and re-purposing the final designs prepared and owned by Mr. Hayden without his permission, being work that Mr. Hayden would have charged Defendants, Defendants have profited from the saved expense and harmed Mr. Hayden's business.

55. Defendants' actions constitute unfair competition under the common law of North Carolina entitling Mr. Hayden to damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

56. Paragraphs 1-55 of the complaint are incorporated by reference as though set forth in their entirety.

57. By revising, updating, and re-purposing the final designs prepared and owned by Mr. Hayden without his permission, Defendants have unfairly benefited and prevented Mr. Hayden additional revenue for the revision, updating, and re-purposing of his work product.

8

58. Accordingly, Defendants has been unjustly enriched at the expense of Mr. Hayden, and Mr. Hayden is entitled to damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices

59. Paragraphs 1-58 of the complaint are incorporated by reference as though set forth in their entirety.

60. Defendants' actions complained of herein constitute unfair methods of competition in or affecting commerce within the meaning of N.C. Gen. Stat § 75-1.1.

61. Defendants' actions complained of herein constitute unfair and deceptive acts or practices in or affecting commerce within the meaning of N.C. Gen. Stat § 75-1.1.

62. Mr. Hayden has been damaged by Defendants' willful and knowing conduct.

63. Pursuant to N.C. Gen State §§ 75-16 and 75-16-1, Mr. Hayden is entitled to treble damages and recovery of reasonable attorney's fees.

## SIXTH CLAIM FOR RELIEF
### Copyright Infringement

64. Paragraphs 1-63 of the complaint are incorporated by reference as though set forth in their entirety.

65. Mr. Hayden is the owner of all right, title and interest in and to the copyrights of the Hammock Logo. A true copy of the Certificate of Registration is attached hereto as Exhibit I.

66. Mr. Hayden is the owner of all right, title and interest in and to the copyright of that portion of the ENO logo he designed, which Mr. Hayden applied for copyright registration with the United States Copyright Office but said registration has initially been denied. A True Copy of the letter from the Copyright Office regarding the ENO logo is attached hereto as Exhibit J.

67. Mr. Hayden is the owner of all right, title and interest in and to the copyrights of that portion of the DH-001 Hangtag he designed, which Mr. Hayden applied for copyright registration with the United States Copyright Office but said registration has initially been denied. A True Copy of the letter from the Copyright Office regarding the DH-001 Hangtag is attached hereto as Exhibit K.

68. Mr. Hayden retained ownership of his copyrighted work under both the Oral Contract and Written Contract.

69. Mr. Hayden limited the use of his copyrighted work for their intended purpose, in the form delivered to Defendants, and required his written permission to repurpose or alter his work or to provide said work product to another design agent.

70. Defendants manipulated, altered, and re-purposed Mr. Hayden's copyrighted work and published, reproduced, distributed, and displayed these derivatives without authorization.

71. Defendants' infringement of Mr. Hayden's copyrighted work was intentional, willful, and for personal profit.

72. Defendants' actions described above violate the exclusive rights protected by 17 U.S.C. § 106, and so violate 17 U.S. C. § 501 et seq, because such conduct constitutes willful and unauthorized reproduction, distribution, and public display of Mr. Hayden's copyrighted works, for the commercial gain of Defendants.

10

Case 1:17-cv-00209-MR    Document 1    Filed 08/01/17    Page 10 of 13

## SEVENTH CLAIM FOR RELIEF
### Fraud

73. Paragraphs 1-72 of the complaint are incorporated by reference as though set forth in their entirety.

74. Defendants induced Mr. Hayden to create and deliver to them licensed designs through willfully falsely claiming that they would not repurpose or alter the designs without the express written permission of Mr. Hayden.

75. On information and belief, as evident from their subsequent actions, Defendants never intended to limit their use of the Mr. Hayden's design or seek approval to repurpose or alter the designs, and therefore perpetrated fraud in securing the license to use the designs.

76. Based on this fraud, Defendants' rights under the license are void. Thus, each and every use of Mr. Hayden's designs by Defendants was an unauthorized use and an infringement of Mr. Hayden's copyrights.

77. Defendants' infringement of Mr. Hayden's copyrighted work was intentional, willful, and for personal profit.

78. Defendants' actions described above violate the exclusive rights protected by 17 U.S.C. § 106, and so violate 17 U.S.C. § 501 et seq, because such conduct constitutes willful and unauthorized reproduction, distribution, and public display of Mr. Hayden's copyrighted images, for the commercial gain of Defendants.

**WHEREFORE**, having fully set forth his claims in this Complaint against the Defendants in the paragraphs above, Plaintiff respectfully prays the Court as follows:

1. That the court enter a judgment for Plaintiff granting him a copyright in the ENO logo and DH-001 Hangtag that were initially denied registration;

2. That the court enter a judgment against the Defendants on each of the Counts asserted herein and Mr. Hayden recover from Defendants compensatory damages in an amount to be determined at trial on each of the Counts asserted herein to the maximum extent allowed by law;

3. Order Defendants pay exemplary damages pursuant to 18 U.S.C. § 1836(b)(3);

4. Order Defendants pay treble damages pursuant to N.C. Gen. Stat. § 75-16;

5. Order Defendants pay Plaintiff's reasonable attorney's fees pursuant to 18 U.S.C. § 1836(b)(3) or N.C. Gen. Stat. § 75-16;

6. Require that Defendants account for each and every unauthorized use they made of Mr. Hayden's work product, including time, place, manner, and method.

7. Require that Defendants and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, return all work product provided by Mr. Hayden, whether electronic or physical in nature, whether in the original format or used in a new format;

8. Award any additional relief as this Court Deems just and proper.

**<u>Jury Demand</u>**

Pursuant to Federal Rule of Civil Procedure 38(b) and local Rule 38, Mr. Hayden demands trial by jury of all issues so triable in this action.

This the 1st day of August, 2017.

                                  **HODGES COXE POTTER & PHILLIPS, LLP**

                                  /s/Samuel B. Potter
                                **SAMUEL B. POTTER**
                                N.C. Bar No. 35510
                                Email: sam@hcpplaw.com
                                3907-100 Wrightsville Ave.
                                Wilmington, NC  28403
                                Telephone: (910) 772-1678